## SUCCESSION OF HENRY GRANT.

An attorney-at-law is a competent witness in a case in which he is employed, and his testimony can only be excluded on legal grounds; the relations which exist between him and his client go to the effect and not to the admissibility of his testimony.

A copy of several consecutive sections of an Act of another State, taken from a digest of general statutes, and certified to be a true copy by the Secretary of State, should be received as *prima facie* evidence of the whole law of the State upon the subject treated of in the sections.

The capacity and signature of a Justice of the Peace who has taken a deposition under commission in another State, must be established by the certificate of the Governor under the great seal of the State.

The registry of an act under private signature, does not make proof of its execution by the parties to it.

APPEAL from the Second District Court of New Orleans, *Morgan*, J. *Emerson & Huntington*, for curator. *Race & Foster*, for opponent and appellant.

LAND, J. The curator of the deceased having filed, by order of the court, a second tableau of distribution, the Mercantile Bank of Salem, Massachusetts, claiming to be a mortgage creditor of the succession, made opposition thereto, on the grounds that the curator had refused to allow and place the claims of the bank on the tableau.

The bank has appealed from a judgment of nonsuit on the opposition, and our attention is called to several bills of exceptions, taken by the opponent, to the rulings of the Judge, on the trial of the cause.

The first bill is to the refusal of the Judge to receive the testimony of one of the attorneys-at-law of the bank, on the ground of his interest in the event of the suit. The attorney was interrogated on his *voir dire* to establish that interest. He swore that "no fee had been stipulated with his client, but that he might charge more should he succeed in the cause, than if he were to fail, and that it is customary with his firm to charge less when their clients fail, than when they succeed in their suits." The interest disclosed by the attorney, is not a direct and legal interest which renders a witness incompetent.

In the case of *Sprigg* v. *Beaman*, 6 La. 64, Porter, Justice, says : " In the instance before us, though the witness felt the obligation which his habits of business had imposed, to vary his charge of compensation with the event of the suit, there was surely no legal obligation on him to do so. The legal responsibility of the client, was to pay him the value of his services, and this value was to be tested by the labor and pains bestowed on the cause, and the degree of responsibility incurred, not by the success which attended his efforts. The physician who conquers a disease is, in law, entitled to no more remuneration than when he is baffled by it, and sees all his exertions fruitlessly terminate with the loss of his patient's life." The attorney was accordingly held to be a competent witness, although he swore on his *voir dire*, that he would feel bound by his rule of conduct, to apply it to that case, which rule was to charge his clients less should they fail, than if they were to succeed in their suits.

An attorney-at-law is a competent witness, and his testimony can only be excluded on legal grounds. The relation which exists between him and his client, goes to the effect, and not to the admissibility of his testimony. If the law is unwise or impolitic, which makes an attorney-at-law a competent witness for his client, the remedy is in the hands of the Legislature, and not of the courts. The District Judge, therefore, erred in refusing to receive the testimony of the witness.

The second bill of exceptions is to the ruling of the Judge, rejecting a certified copy of the interest law of Massachusetts, on the ground that it appears to be " an extract from the law, and not the entire law." The certificate of the Secretary of State is as follows :

" I hereby certify the foregoing to be a true copy of the first, second, third and fourth sections of the thirty-fifth chapter of an Act for revising and consolidating the General Statutes of the Commonwealth, approved by the Governor, on the 4th day of November, in the year 1835."

The Act certified, appears to be an entire Act upon the subject of interest and usury in the commonwealth of Massachusetts, and to have been copied from a digest of the general statutes of the State. The sections of the Act mentioned in the certificate, are numerically consecutive, and seem to cover the whole subject of interest, and there is nothing on the face of the certificate, to create a presumption that the Act contained any other sections, than those certified. The copy should have been received as *prima facie* evidence of the interest law of Massachusetts.

The third and fourth bills of exceptions, are to the refusal of the Judge to receive in evidence a draft drawn by the cashier of the Union Bank of New Orleans on the Mercantile Bank of Salem, and also a receipt of the former bank to the latter—the signatures to which had been proved to be genuine, for the purpose of showing that the draft had been paid to the Union Bank, for the use and benefit of the succession of the deceased, *Henry Grant*, and also to his refusal to receive in evidence, the testimony of a witness, to show the connection of the draft with the succession, and in what manner, and for what given, and that the same was for account and benefit of the succession, in order to protect good collaterals pledged by the deceased *Grant* to the Mercantile Bank. The evidence was rejected on the ground, that the draft appeared to have been drawn by the Union Bank on the Mercantile Bank, two years after the death of *Henry Grant*, and ten years before his succession had been opened, and was in no manner connected legally with the succession or chargeable thereto.

The objection should have been overruled, for one of the questions at issue, was whether the draft could be connected with the succession of the deceased, and made a legal charge against the same. Although the evidence may have been insufficient to make out the plaintiff's case in that particular, it should have been received for what it was worth, and considered on the merits, in connection with the whole evidence offered in support of the claims of the bank.

The fifth bill of exceptions is to the refusal of the Judge, to receive in evidence certain depositions taken under a commission in the State of Massachusetts, on the ground, that the official capacity and signature of the Justice of the Peace by whom they purport to have been received. had not been legally proved by the certificate of the Governor, under the seal of the State.

The District Judge did not err in ruling out the depositions on this ground. The certificate is subscribed by the Secretary of State alone, and not by the Governor. In the case of *Buford* v. *Johnson*, 10 R. 456, which presented a question similar to the one now before us, the court say : The certificate of the Governor, under the great seal of the State, is the usual, and in our opinion, the best evidence of the fact sought to be established. It was in the reach of the party, and could easily have been procured. See *Thatcher* v. *Goff*, 13 La. 362.

The sixth and last bill of exceptions is to the refusal of the Judge to receive in evidence a deed of trust, purporting to have been executed by the decease, to the Mercantile Bank of Salem, on the ground that the original act was under *private signature*, and could not be received in evidence before the signatures had been proved, and that the registry of the act in a Notary's office did not dispense with proof of the signatures. The Judge did not err. The registry of an act under private signature, does not make proof of its execution by the parties. This point was ruled by us at Alexandria, on the authority of previous decisions. 14 An.

It is, therefore, ordered, adjudged and decreed, that the judgment be reversed, and cause remanded to the lower court for further proceedings according to law, and the *Succession of Henry Grant* pay the costs of this appeal.