### D. DAILEY AND ANOTHER v. J. O. MONDAY.

1—An attorney-at-law, whose fee is dependent upon the success of a suit, is not a competent witness in behalf of his client, when objection for that cause is interposed by the other party.

2—Among the earliest statutes of the Republic of Texas was an Act, passed December 30th, 1836, introducing the Common Law of England in its application to evidence.

3—The extent of the attorney's interest is immaterial.

APPEAL from Houston. Tried below before the Hon. Samuel L. Earle.

Suit by the appellee, Monday, against H. G. McDonald, Daniel Dailey, and F. H. Craddock, on a note for $141 00. After the suit was filed, the court house was burned, and the original papers in this cause, including the note sued on, were destroyed in the fire.

At the trial at the September term, 1868, the attorney of the plaintiff was permitted, over objection of the defendants, to testify to the destruction of the papers. In his testimony he stated that in the event of recovery in the suit he was to have a certain percentage for his services, " but if no collection was made nothing was fixed as his fee."

The objections of defendants assigned this as a disqualifying interest. They were overruled by the court, and they excepted.

The plaintiff obtained judgment, and the defendants moved for a new trial. That motion being overruled, Dailey and Craddock appeal.

*W. A. Stewart,* for the appellants.

No brief for the appellee.

MORRILL, C. J.—The question presented by the record in this case is, whether an attorney-at-law, conducting a cause in the District Court, and whose fee is dependent on the success of his client, is a competent witness for his client, when objections to his testimony are raised by the opposite party.

Among the first statutes passed by the Republic of Texas was the act of 20th of December, 1836, introducing the Common Law of England in its application to evidence. (Pas., Art. 3706.)   And as there is no statute in this State modifying the Common Law of England on the question now before the court, we must be governed by its provisions.   One great American author, Greenleaf, in his Treatise on Evidence, vol. 1, § 386, says :

" SEC. 386.   Another class of persons incompetent to testify in a cause consists of those who are *interested in its result.* The principle on which these are rejected is the same with that which excludes the parties themselves, and which has already been considered, namely : the danger of perjury, and the little credit generally found to be due to such testimony, in judicial investigations.   This disqualifying interest, however, must be some legal, certain and immediate interest, however minute, either in the event of the cause itself, or in the record, as an instrument of evidence, in support of his own claims, in a subsequent action.

" SEC. 389.   The disqualifying interest of the witness must be in the event of ' the cause  itself, and not in the question to be decided.'

" SEC. 390.   The true test of the interest of a witness is, that he will either gain or lose by the direct legal operation and effect of the judgment, or that the record will be legal evidence for or against him, in some other action.

" SEC. 391.   The magnitude or degree of the interest is not regarded in estimating its effect on the mind of the wit-

ness, for it is impossible to measure the influence which any given interest may exert. It is enough, that the interest which he has in the subject is direct, certain and vested, however small may be its amount."

Did the witness in this case have "a direct, certain and vested interest in the result of the suit?" If so, he is excluded as a witness, whether this interest was ten per cent. of the judgment or the whole, since the "magnitude of the interest is not regarded." The bill of exceptions shows that the witness was interested in the suit to a certain extent, and the court therefore erred in admitting his testimony.

Reversed.