BIRGE v. RHINEHART, Adm'r, etc.

1. **Evidence**: COMPETENCY OF WITNESS: ADMINISTRATOR. In an action against an administrator, the plaintiff's attorney, who has no contingent fee, but does not know that he will receive any thing if plaintiff fails to recover, has no such interest as renders him incompetent as a witness for plaintiff.

2. **Payment:** HUSBAND AND WIFE. Payment to the husband of a less sum than due to the wife will not discharge the entire debt.

3. **Evidence:** SHERIFF'S RETURN. A sheriff's return upon an execution showing sale of mortgaged premises to the judgment creditor, the amount for which it sold, and the sum retained by the creditor to apply in discharge of the debt, is competent evidence of the facts recited.

### *Appeal from Mahaska Circuit Court.*

### FRIDAY, APRIL 25.

IN October, 1868, J. W. Jones recovered a judgment against plaintiff and her husband for $2,492.20, and costs, and a decree of foreclosure of a mortgage upon certain real estate, the title to which was in plaintiff. Soon thereafter there was paid to Seevers & Cutts, attorneys of Jones, on the judgment, $1,200, which was not credited on the judgment. In December, 1868, Seevers & Cutts, as attorneys of Jones, assigned the judgment without recourse, to John White, for the consideration of $1,318. On the 25th of February, 1869, the plaintiff paid White, on said judgment, $621. On the 30th of April, 1870, the mortgaged premises were sold, and purchased at the sheriff's sale by John White for $4,600, of which sum White, as the owner of the judgment, retained $2,184.43, to apply in discharge of his judgment.

On the 30th of September, 1870, White paid to J. W. Birge, husband of plaintiff, $900 of the balance retained by him. This action is brought for the recovery of a balance still claimed to be due plaintiff after satisfying the judgment in full.

Trial by the court. Judgment for plaintiff for $602.03, of which sum the plaintiff afterward remitted $26.03. Defendant appeals.

*Lacey & Shepherd* for the appellant.

*Haskell & Scott* for the appellee.

DAY, J. — The questions presented demand but very brief notice.

I. One Haskell was introduced as a witness for plaintiff who testified, upon cross-examination, that plaintiff requested him to collect the claim and do the best he could; that he was not to have a contingent fee; that there was no agreement as to how he was to be paid, and that he did not know that he would get any thing if the claim was not collected. Defendant moved to exclude his testimony because he was interested and not competent to testify as to matters occurring in the lifetime of John White. The court rightly overruled the motion. The interest which disqualifies must be a legal, certain and immediate interest. If it is of a doubtful nature, the objection goes to the credit and not to the competency of the witness. 1 Greenl., §§ 386, 390. An interest so contingent as that an attorney may not be able to get his pay if his client does not recover does not render him incompetent. It may affect his credit.

II. The payment of the $900 to the husband of plaintiff does not estop her from claiming the balance due. There is evidence that, at the time of said payment, J. W. Birge told White that he had no authority to accept that sum as a full payment, and that he did not so accept.

It cannot be claimed that less than the whole amount due, paid under such circumstances, will discharge the entire demand.

III. The sheriff's return upon the execution was objected to as incompetent, irrelevant and immaterial. As a record of the court, showing the sale of the mortgaged premises, to whom, for how much, and the amount retained by White, its competency, relevancy and materiality seem to us to be so far placed beyond dispute, as not to be a fit question for argument.

IV. Several errors are assigned which have not been argued. The evidence fully sustains the judgment. A careful examination of the entire case satisfies us that the record contains no error, and that the judgment should be

Affirmed.