WILLIAM TRETHEWAY v. JOHN R. CAREY, Administrator.[1]

April 11, 1895.

No. 9192.

**Interested Party as Witness—Conversation with Deceased Person.**
It is not competent for a party who is interested in the event of an action to give evidence therein concerning any conversation with or admission of a deceased party relative to the matter at issue between the parties, under G. S. 1894, § 5660.

**Same.**
*Held*, also, that it sufficiently appears from the evidence that the party who was examined upon the voir dire was incompetent as a witness in this action, under the above statute.

Appeal by plaintiff from an order of the district court for St. Louis county, Ensign, J., denying a motion for a new trial and from a judgment in favor of defendant. Affirmed.

*J. W. Bull* and *J. W. Reynolds*, for appellant.
*James Spencer*, for respondent.

[1] Reported in 62 N. W. 815.

BUCK, J. This is an appeal from a judgment entered upon the findings of the court, and from an order overruling a motion in behalf of the plaintiff for a new trial.

The action was brought to rescind the sale and conveyance of certain lands, whereby the plaintiff conveyed to Nehemiah Hulett $137^2/100$ acres of land situate in St. Louis county, in this state. Subsequent to the commencement of the action, Hulett died, and the defendant Carey was appointed administrator of Hulett's estate. The consideration paid by Hulett to plaintiff for the land was the sum of $200 cash, and a quitclaim deed for three lots on Minnesota avenue in Lower Duluth. These conveyances were made on June 27, 1874, and recorded the same day. This action was commenced in the month of May, 1892, about 18 years after the date of the conveyances. The plaintiff, in his complaint, alleges that the defendant Hulett was guilty of fraud in the bargain between them, in this: that he represented to plaintiff that he (Hulett) had a good title to the three lots conveyed to plaintiff, but that in fact he had only an imperfect tax title, and that plaintiff did not discover the facts constituting such fraud upon him until about the year 1892. It was admitted on the trial that Hulett, on February 28, 1889, conveyed a right of way to the Duluth & Iron Range Railroad Company across the land in question; that he had paid all the assessments and taxes against said land. Upon the trial, plaintiff offered in evidence the testimony in a paper book in a former suit between Hulett and one Carlton in reference to the tax titles of lots included in a deed from Hulett, and covering other lots, as well as the lots in controversy. The court rejected the offer. As the paper book is not a return, and does not form any part of the settled case, we will not discuss the question whether it was error in the court below to exclude it.

During the trial, one J. W. Bull was offered as a witness on behalf of the plaintiff as to certain conversations which he had previously had with Nehemiah Hulett, deceased, concerning the matter, wherein it was claimed that Hulett had stated or admitted that he had no other than a tax deed, and that during the conversation Hulett had said that he had stated to the plaintiff, at the time of the transaction between the parties, that he had a good title to the lots in controversy. This offer was objected to by the defendant, upon the ground that Bull was interested in the event of this action, and

therefore incompetent and disqualified, by the provision of G. S. 1894, § 5660; and, also, that the evidence itself was incompetent, irrelevant, and inadmissible. To test the competency of the witness, the defendant's counsel was allowed to examine him upon this point. From such examination it appeared that the witness was the attorney for the plaintiff in this action; that he had been such attorney since this action was commenced; that he had a conversation with Hulett; that said witness was by profession a lawyer; that he was employed or retained by the plaintiff before he had the conversation with Mr. Hulett, to prosecute this action; and that the plaintiff and he had entered into an agreement, by the terms of which the witness agreed, in consideration of the promise of the plaintiff to him, hereinafter mentioned, to personally render in his professional capacity such legal services as might or should become necessary in the prosecution of this action to final judgment; that, in consideration and as full compensation for such services, plaintiff had agreed to convey to the witness or his heirs, in the event that he should perform all said services, and in the further event that said lands should be recovered in said action by means of such service (but not otherwise), an equal undivided one-fourth interest in all of said lands, or the proceeds thereof, as should be recovered; and that in no other event was he to receive any compensation for such services. The contract was in writing. After the commencement of this action, and about three months before he was called as a witness, and after the death of Mr. Hulett, he assigned said contract and all his interest therein to certain persons, viz. to one Hedges, living in Iowa, and to one Townsend, living in Minnesota, to each a half interest, which assignment was in writing upon the back of the agreement, but neither of said assignees were lawyers. The witness received three or four hundred dollars in money,—all the consideration that they were to pay him, except a small balance, which was secured. It was fairly implied in such assignment that he was to continue to prosecute this action as the attorney for plaintiff, and there was no agreement that any part of the consideration was or was not to be returned to said assignees in case such action should not be successful, nor was there any express agreement to the effect that the witness should or should not be responsible to them or either of them in any sum in case of the failure to recover such lands or money.

The court admitted the testimony, subject to the objection, which objection it was agreed should be argued and submitted on briefs of counsel, which was accordingly done, and thereafter the court ordered that the testimony of the witness Bull as to conversations with the deceased be stricken from the record.

This preliminary examination of the witness, to ascertain whether he possessed the required qualification concerning the questions about to be asked, was a perfectly legitimate course to pursue. The rule at common law was that where a witness was presented who it was claimed was interested in the result of the suit, and his competency objected to upon that ground, he might be examined, and such interest be made to appear upon the voir dire. We are of the opinion that the alleged assignment of the contract by the witness Bull to the parties, one living in Iowa and one residing in Minnesota, who were not lawyers, was merely colorable, and not made in good faith. Evidently, the assignment was made to enable the witness to become competent as such, and to evade the provision of the statute against witnesses testifying where they are interested in the event of the action, where such testimony relates to or concerning any conversation with, or admission of, any deceased party or person. We think that we are fully justified in saying that, if Mr. Hulett had lived to take part in the trial, no such assignment would ever have been made; and, upon the evidence, we are clearly of the opinion that the court below was right in striking the testimony from the record.

It is claimed, however, that the respondent waived his right to object to the admission of the evidence of the witness Bull because he cross-examined him, and the case of In re Hess' Estate, 57 Minn. 282, 59 N. W. 193, is cited in support of this doctrine. The facts in the case at bar are widely different from those in that case. Here the examination by the respondent's counsel was merely preliminary, and for the express purpose of finding out whether the witness was rendered incompetent by reason of his interest in the event of the suit, and not a cross-examination of the evidence already given. This was the true method of finding out whether the witness was incompetent. The defendant could not properly object until he had something incompetent or improper to object to. It is true that, after this preliminary examination was finished, the defendant's

counsel did cross-examine the witness, but the testimony given by the witness upon such cross-examination was not very material, and the plaintiff did not see fit to re-examine the witness further. Here is where the case differs from that of In re Hess' Estate. In that case there was a redirect examination of the witness after a cross-examination by the other side as to a conversation with the deceased. The court held that, by reason of such cross-examination, the defendant had waived his right to object to the competency of the witness to testify as to such conversation. There are no such facts in this case. As the witness Bull was incompetent to testify under G. S. 1894, § 5660, by reason of his interest in the event of the action, the order denying the motion for a new trial must be affirmed. Aside from his evidence, the testimony is insufficient to sustain the action. We have examined all of the assignments of error, but none of them are sufficiently material to justify any other disposition of this case than above indicated.

Order affirmed.

CANTY, J. I concur in the foregoing opinion, on the ground that it did not sufficiently appear that the witness Bull had divested himself of his interest in the event of the suit; that the trial court was justified in finding, and we must presume from his rulings that he did find, that the alleged assignment by Bull of this contract was only colorable, and, even if Bull did assign the benefits of his contract, he did not and could not assign its burdens, and had not relieved himself of those burdens.