FREDERICK W. MOTT et al., Appellants, v. TAYLOR BERNARD, Administrator of JAMES N. MACKIE, Deceased, et al., Respondents.

97 265
97 692

St. Louis Court of Appeals, December 9, 1902.

1. **Attorney's Fee: CONTINGENT FEE: CONTRACT: WITNESS: ASSIGNEE: CAUSE OF ACTION.** The fact that an attorney's fee is contingent upon the successful termination of contemplated litigation does not disqualify him as a witness to prove that a contract was made by which the cause of action to be litigated was assigned to the plaintiff by another party, since deceased.

2. **Judgment: INJUNCTION: PRACTICE, TRIAL.** A judgment will not be enjoined for a flaw in procedure which produces no substantial injury to the party against whom the judgment went.

3. ——: ——: ——: **PLEADING AND PRACTICE: EQUITY: BILL IN EQUITY.** In this case the plaintiffs seek to enjoin a judgment against them, recovered by defendant, on the ground that the cause of action had been assigned by the defendant before he sued on it; but the petition contains no allegations, nor is there any proof that the plaintiffs were prevented from interposing any defense they had to the other action by the fact that it was prosecuted in defendant's name; nor was it shown that any unjust or oppressive consequence resulted from its being prosecuted in defendant's name instead of in the name of the party to whom he had assigned it: *Held*, that there is no equity either in the petition or in the proof, and the bill was properly dismissed.

Appeal from St. Louis City Circuit Court.—*Hon. H. D. Wood,* Judge.

AFFIRMED.

*J. L. Hornsby* for appellants.

(1)    The testimony of witnesses Taylor and Grant as to the alleged contract or agreement under which the suit in question was instituted by Mackie, is incompetent; these witnesses are parties to the contract or agreement jointly with Mackie, now dead, and both are interested in the result of the litigation. R. S. 1899, sec. 4652; Tierman v. Meier, 90 Mo. 433; Bank v. Hunt, 25 Mo. App. 170; Rice v. McFarland, 41 Mo. App. 489; Biebers v. Boeckman, 70 Mo. App. 506. (2)    Mackie having, on July 12, 1898, transferred by written assignment his alleged claim against Mott and Sauer to Dr. Grant, had no right or title to this claim at the time he instituted the suit against Mott and Sauer, on December 31, 1898, and the fact that he was therefore not the real party in interest in said cause constituted a valid legal defense, which, if shown, would have defeated his suit. R. S. 1899, sec. 540; American Spelter Co. v. Ins. Co., 71 Mo. App. 658; Renfro v. Prior, 25 Mo. App. 402-406; Long v. Heinrichs, 46 Mo. 603.

*Seneca N. & S. C. Taylor* and *Charles Erd* for respondents.

(1)    The doctrine is settled that a judgment at law will not be enjoined unless its execution would be against equity and good conscience. George v. Tutt, 36 Mo. 141; Davis v. Staples, 45 Mo. 567; Sauer v. City of Kansas, 69 Mo. 48; Wilhite v. Ferry, 66 Mo. App. 433; Herwick v. Barber Supply Co., 61 Mo. 456; Bank v. Gilpen, 105 Mo. 22; Smith v. Sims, 77 Mo. 273. (2) Under the statute, the interest of a witness alone does not exclude him where the other party is dead. The statute is an enabling not a disabling act. Disqualification obtains only where the witness and the deceased are both parties to the contract or cause of action, and where the establishment of the contract opposes some interest of the estate of the deceased. Priest v. Chou-

teau, 12 Mo. App. 252; Fink v. Hay, 42 Mo. App. 292; State ex rel. v. Flynn, 66 Mo. App. 373; Looker v. Davis, 47 Mo. 140; Coughlin v. Haeussler, 50 Mo. 126; Bates v. Forcht, 89 Mo. 127. (3) Even if it were true (but it is not proven in this case) that Mackie made an assignment of his entire claim, in the summer of 1898, to Grant, yet Grant turned the claim back orally and refused to accept it, thereby vesting in Mackie the right to sue upon the claim. Hansler v. Dawson, 28 Mo. App. 536; Van Court v. Nelson, 60 Mo. App. 523; Cable v. Dock Co., 12 Mo. 133; Heimenz v. Georger, 50 Mo. App. 586. (4) Under our liberal statute, amendments may be made by the substitution of one plaintiff for another where the nature of the claim is not changed. R. S. 1899, secs. 660-673; Wellman v. Dismukes, 42 Mo. 101; Thompson v. Mosely, 29 Mo. 479; Harkness v. Julian, 53 Mo. 242; State ex rel. v. Shelby, 75 Mo. 484.

GOODE, J.—James H. Mackie, deceased, began an action on December 31, 1898, in the circuit court of the city of St. Louis, against Frederick W. Mott and George H. Sauer for a balance he claimed was due him on a contract between him and Mott and Sauer for the construction of certain houses. Mackie died pending that action. The respondent Taylor Bernard was appointed administrator of his estate, and the cause was revived in said administrator's name and proceeded with to a judgment for about twenty- five hundred dollars, from which an appeal was taken to this court where the judgment was affirmed, provided the administrator would remit six hundred dollars, which he did; so that the judgment thereafter stood for a little more than eighteen hundred dollars.

Bernard, as administrator of Mackie's estate, then took out an execution from the office of the clerk of the circuit court to enforce the judgment and delivered the same to respondent Dickman, sheriff of the city of St. Louis, with an instruction to levy upon and seize the property of Mott and Sauer. This action was

brought to restrain the levy of the execution and enjoin the collection of the judgment by the appellants, on the ground that Mackie had assigned his claim against them to John M. Grant prior to the institution of the action in which he recovered judgment and, therefore, had no right to sue in his own name; but that appellants were unable to make defense against Mackie's demand on the ground that he had transferred his cause of action, because they were ignorant of the assignment until after final judgment was obtained in the cause.

The petition avers the foregoing facts, which are substantially all it averred, there being no allegation that appellants had a defense as against Grant on the merits of the other case which was not interposed therein; nor is any showing made that appellants were prejudiced by the case being prosecuted in Mackie's name, further than arose from the bare circumstance that he was not, as was claimed, the real party in interest.

A temporary restraining order was granted, but on final judgment was dissolved and the bill dismissed. The written assignment itself from Mackie to Grant was not introduced, but in lieu thereof an unsigned paper said to be a copy of the original. In fact no proof of the assignment was made by the evidence in chief introduced in behalf of appellants except the statement of respondent Bernard, contained in an affidavit filed by him at the time the application for a temporary restraining order was made, of the following purport: "Affiant was informed by James H. Mackie in his lifetime, that the assignment mentioned in the affidavit of Mr. Garvin filed herein was executed only as a collateral security for the amount due by said Mackie to Dr. Grant, and said Mackie stated and claimed there would be received a sum exceeding the claim of Dr. Grant to the amount of about fifteen hundred dollars."

As well as we can gather from the record, the affidavit of one Garvin was filed when the restraining order was applied for, and to it was appended the unsigned paper referred to in Bernard's affidavit and asserted

by the appellants to be a copy of Mackie's assignment to Grant.

Appellants objected to Bernard's stating, while on the witness stand, that Mackie told him he had assigned his claim to Grant, or stating anything Mackie said about the assignment, and on their objection he was refused permission to testify as to those matters. Grant himself was put on the stand by the respondent and on his cross-examination evidence was adduced that Mackie did execute a written assignment to him in 1898, substantially like the purported copy, but he swore it was made as collateral security and that when he found there would be litigation and liability for costs he refused to have anything to do with it, but turned it back to Mackie and told him to fight the case.

Seneca Taylor, the attorney who represented Mackie and Bernard in the original action against Mott and Sauer, testified he heard some kind of an assignment had been made by Mackie to Grant before he brought that action, but Grant refused to become responsible for the costs in any way, turned the claim back to Mackie, telling the latter to prosecute the claim and to bear all costs, and that if he recovered the money it should be turned over to Grant after deducting twenty-five per cent for attorney's fees, Grant's bill for medical services should then be paid out of it and the surplus returned to Mackie, it being expected the surplus would be large. Taylor swore: ''I knew that was the arrangement between Dr. Grant and Mackie before I filed suit.''

The competency of both Grant and Taylor as witnesses was objected to by the appellants, on the ground that they were interested parties and were disqualified, as Mackie, the other party to the contracts of assignment and re-assignment, was dead.

Taylor was not a party to the contract of re-assignment, nor is he a litigant, and the fact that his fee was contingent upon the successful termination of the contemplated litigation in no way disqualified him as a witness, as no one shall be disqualified, the statutes say,

by his interest in the event of a suit.    R. S. 1899, sec. 4652; Bates v. Frocht, 89 Mo. 121.

If Grant was incompetent as a witness and was wrongfully permitted to testify, as appellants assert, they never made good by proof their allegation that Mackie had assigned his claim to Grant before suit was instituted in the former's name; for the entire evidence offered in chief was wholly insufficient to show the terms of the contract of assignment, and they were only shown by Grant's testimony.

The evidence in this case leaves no doubt that the assignment of Mackie's claim against Mott and Sauer to Grant was merely for collateral security and that a re-assignment took place before the action to enforce the claim was instituted, which action, therefore, Mackie had a perfect right to maintain.

Neither was there any allegation of a defense held by Mott and Sauer against the original demand if it had been asserted in Grant's name, which they were prevented from interposing by the prosecution of the case in Mackie's name, nor any unjust or oppressive consequence shown.    In fact, the bill and the proof are destitute of equity and disclose no ground for restraining the collection of the judgment.    Enjoining a judgment is an act a court never does lightly or for a flaw in procedure not productive of substantial injury to the complainant.    Davis v. Staples, 45 Mo. 567; Sauer v. Kansas City, 69 Mo. 46; Ritter v. Press Company, 68 Mo. 458.

The judgment of the court below dismissing the bill is affirmed.    *Bland, P. J.,* and *Barclay, J.,* concur.