[No. 17497.  Department One.  February 2, 1923.]

GEORGE A. SWINGLEY, *Respondent*, v. ALFRED DANIELS, *as Executor etc., et al., Appellants.*[1]

PLEADING (28)—COMPLAINT—SEPARATE CAUSES OF ACTION. There is but one cause of action stated in a complaint seeking to obtain the title to lands deeded to decedent in consideration of his making a will thereof, brought against the executor and parties to whom decedent had conveyed the property.

PARTIES (22)—JOINDER—NECESSARY PARTIES DEFENDANT. In an action to obtain title to land, conveyed by testator to others, after agreeing to devise it to the plaintiff, such parties are necessary parties defendant.

WITNESSES (44)—COMPETENCY — TRANSACTIONS WITH PERSON SINCE DECEASED. In an action to obtain title to land deeded to a testator upon his agreement to will to the plaintiff, plaintiff's testimony that he saw the testator execute the will, a carbon copy of which was a true copy, and saw the deeds to him, is not inadmissible as concerning any conversation with the deceased.

SAME (35)—COMPETENCY—TRANSACTIONS WITH DECEASED—PARTY IN INTEREST. Rem. Comp. Stat., § 1211, excluding the testimony of a party in interest or to the record as to any transaction had with or statement made to him by a person since deceased, does not disqualify the attorney for the party from testifying, where he had made no arrangements concerning attorney's fees and had no agreement for a contingent fee or for any interest in the property to be acquired, and intended to charge only a reasonable fee which would probably be more if successful than if not so.

EVIDENCE (76)—BEST AND SECONDARY—COPY OF REVOKED WILL. A carbon copy, proved to be a correct copy of a will, subsequently revoked, is admissible to prove the performance of an oral contract to make the will.

[1]Reported in 212 Pac. 729.

WILLS (8-1)—CONTRACT TO DEVISE—SPECIFIC PERFORMANCE—BONA
FIDE PURCHASER—CONSIDERATION. In an action to recover lands
agreed by testator to be devised to plaintiff, but later given to the
defendants without the payment of consideration, it is no defense
that defendants had no knowledge of the agreement.

SAME (8)—CONTRACT TO DEVISE—EVIDENCE—SUFFICIENCY. An
oral contract to devise lands, in consideration of deeding the same
to the testator, is sufficiently established by direct evidence of the
attorney, which was not disputed, supported by the fact that the
deeds were executed and delivered and the will made in accord-
ance with the agreement.

FRAUDS, STATUTE OF (18, 46)—CONTRACTS TO DEVISE—PERFORM-
ANCE. An oral contract to devise lands is taken out of the opera-
tion of the statute of frauds by performance, where, in consideration
of deeds of the property, the testator made and executed a will in
pursuance of the contract.

Appeal from a judgment of the superior court for
King county, Ronald, J., entered April 19, 1922, in
favor of the plaintiff, in an action for specific per-
formance, tried to the court. Affirmed.

*H. D. Moore* and *Ralph H. Higgins,* for appellants.

*George A. Custer,* for respondent.

BRIDGES, J.—By this action the plaintiff sought to
obtain the title to some lands in King county. The
facts, which are very little in dispute, are these: About
1907, George W. Boyce and his wife, Alice, became the
owners of the land in question, and thereafter resided
on it until the death of Mrs. Boyce in August, 1913.
Mr. Boyce continued to reside there until his death
in April, 1921. Three children, to wit: Ada M. Hearn,
Lee B. Swingley and the plaintiff, being the issue of
a former marriage, survived Mrs. Boyce. Not long
after her death, Mr. Boyce visited the office of E. L.
Rinehart, an attorney of Seattle, and inquired of him
whether the plaintiff had asked him to draw certain
deeds, and was informed that no such request had been
made. Mr. Boyce then told the attorney that he had

made an oral agreement with the plaintiff whereby
he and his brother and sister were to deed to him the
interest acquired by them through their mother's
death in the King county land, in consideration of
which he was to make his will, giving to them not only
this tract of land, but anything else he might own at
the time of his death, and also give to them his quit-
claim deed to certain lands in the state of Illinois,
owned by Mrs. Boyce before her marriage to him,
and that he did not claim any interest whatsoever in
the Illinois lands. Mr. Boyce then asked Mr. Rine-
hart to draw the necessary deeds and will to carry
into effect the oral agreement.

This conversation was probably on October 31, 1913.
Mr. Rinehart asked Mr. Boyce to go to another at-
torney in the building to have his will drawn, stating
that meanwhile he would prepare the deeds in ques-
tion. This program was carried out. Deeds dated
October 31, 1913, from the plaintiff and his brother
and sister, conveying the King county real estate to
Mr. Boyce, were duly executed and delivered. On the
same date, Mr. Boyce executed and delivered the quit-
claim deeds to the Illinois property and made a will
which, after disposing of two or three minor bequests,
gave to the plaintiff and his brother and sister all of
the rest and residue of his property. The deed to the
King county property and the will were left in posses-
sion of Mr. Rinehart for about a year, when they were
turned over to Mr. Boyce, Mr. Rinehart retaining a
carbon copy of the will. On January 1, 1917, Mr.
Boyce deeded the King county property to the de-
fendant Daniels, and a short time thereafter he made
a new will, giving all of his property to the defendant
Daniels, revoking all previous wills, and in March,
1921, just before his death, he made another deed to

Daniels of the property in question. The testimony shows that Daniels did not pay any consideration for the deeds running to him.

Before the bringing of this suit, Ada M. Hearn and Lee B. Swingley conveyed and assigned their interest in the subject-matter to the plaintiff. The last will and testament of Mr. Boyce was duly probated and the plaintiff filed his claim against the estate of the deceased, setting up his right to the property involved in this action, which claim was rejected and this suit followed. The trial court found for the plaintiff and entered a decree adjudging that the defendants Daniels and wife held the King county property in trust for the plaintiff, and that they had no interest in the property, cancelling and annulling the two deeds from Mr. Boyce to Daniels and directing that, after the payment of the claims of creditors and the expenses of administration, all the assets of the estate be distributed to the plaintiff, and ordering Daniels and wife to make, execute and deliver to the plaintiff their deed to the property. Defendants have appealed.

Appellant's motion to separately number and state the causes of action in their complaint, and their demurrer to the complaint on the ground that several causes of action were improperly united and that there was a misjoinder of parties defendant, and the separate demurrer of Mrs. Daniels, are not well taken. The complaint concerns but one matter and was properly stated in one cause of action. Beyond question, Daniels and wife were necessary parties defendant because it was from them that the respondent was trying to take the property. It is not necessary for us to determine whether Daniels, as executor of the Boyce will, was a necessary or proper party, because the demurrer would not reach that question.

It is next assigned as error that the court permitted the respondent and Mr. Rinehart, the attorney, to testify concerning transactions with the deceased. This claim of error, in so far as it affects the respondent, is easily disposed of. He did not testify concerning any conversations with the deceased. His testimony went no farther than to show that Mr. Boyce executed the first will, and that he saw the deeds above mentioned in company with such will, and that the carbon copy introduced in evidence was a true copy of the first will made by Mr. Boyce.

A somewhat more difficult question arises, however, concerning the testimony of Mr. Rinehart. This case must stand or fall upon his testimony. He is, or was at the time of the trial, one of the attorneys for the respondent, and had been such for a long time prior thereto. He testified that he had made no arrangements with the respondent concerning attorney's fees in this action, and that he did not have any agreement for a contingent fee or for any interest in any property which might be acquired by the plaintiff in the action; that he would charge his client a reasonable fee, and that he would probably do as attorneys usually do, ''charge more when we are successful than when we are not.''

Section 1211, Rem. Comp. Stat., provides:

''That in an action or proceeding where the adverse party sues or defends as executor of any deceased person, or as deriving any right or title by, through or from any deceased person . . . then a party in interest or to the record shall not be admitted to testify in his own behalf as to any transaction had by him, or statement made to him by such deceased or any insane person.''

The exact question to be decided is whether Rinehart is a ''party in interest.'' This identical question

has seldom been before the courts and is but little discussed in the books.   So far as the decisions go, they unanimously hold that where the attorney, in a case of this character, has an arrangement with his client that he is to receive an interest in whatever may be recovered by the action, or is to be compensated for his services only in the event the action is successful, he will not be permitted to testify concerning transactions or conversations with a deceased person, because he is a party in interest within the terms of the statute.  *Smick's Adm'r v. Beswick's Adm'r,* 113 Ky. 439, 68 S. W. 439; *Dailey v. Monday,* 32 Tex. 141; *Tretheway v. Carey,* 60 Minn. 457, 62 N. W. 815; *Augusta Naval Stores Co. v. Forlaw,* 133 Ga. 138, 65 S. E. 370.

Nearly all of the authorities hold that, where there are no arrangements made for attorney's fees and only a reasonable fee is to be or can legally be, charged, there is no such interest as precludes him from testifying concerning transactions with a deceased person, and the fact that the attorney may expect to charge more in the event he wins than he would if he lose does not alter the rule.  *Haydon v. Easter,* 15 Ky. Law 597, 24 S. W. 626; *Jackson v. Bennett,* 98 Ga. 106, 26 S. E. 53; *Birge v. Rhinehart,* 36 Iowa 369; *Propst v. Fisher,* 104 N. C. 214, 10 S. E. 295.

At the common law, no person who had an interest in the result of a suit was permitted to testify, and it was apparently the rule that an attorney who had no arrangements for a contingent fee and could only charge a reasonable fee for his services was not interested and could testify for his client.  *Newman v. Bradley,* 1 Dall. (Pa.) 239; *Mott v. Bernard,* 97 Mo. App. 265, 70 S. W. 1093.  *Succession of Henry Grant,* 14 La. Ann. 795.

It is laid down by nearly all of the text books that the disqualifying interest must be a direct and immediate interest in the event of the action, and not an uncertain, remote and contingent interest. The relationship of the witness to the action must be such that he will either gain or lose by the direct legal operation and effect of the judgment and that a mere contingent interest is not sufficient.

In 28 R. C. L. 504, it is stated:

"Where a statute declares a person interested in the event of a suit against the estate of a deceased incompetent to testify therein, it is considered that the expression 'interest in the event' was never intended to enlarge the class to be excluded under it beyond what the common law excluded in using the same language with reference to interested persons generally. Accordingly, following the trail blazed by the common law decisions it is held that interest, to disqualify a witness, must be present, certain and vested, not uncertain, remote or contingent, and must be in the event of the action. In other words, his interest must be such that he will either gain or lose by the direct legal operation and effect of the judgment of the court disposing of the facts in dispute."

See, also, 12 Ency. Law 793; 40 Cyc. 2290.

In this case the attorney can only charge a reasonable fee, and in contemplation of law he will get that fee whether the suit is won or lost. The fact that he intends to follow the usual custom of attorneys to charge somewhat less than a reasonable fee in the event the suit is lost cannot change the rule.

We are of the opinion that the witness was properly permitted to testify.

The respondent undertook to prove the execution of the first will by presenting a carbon copy thereof, and this is objected to. Appellant seems to contend that the respondent is attacking the last will and con-

tends that, before this action can be maintained, respondent should have the probate of the last will set aside and probate the first will.  But this is not the theory upon which the case is brought.  The last will is in all respects lawful and was the last will and testament of the deceased.  Under no circumstances could the first will be probated because it was expressly revoked by the last will.  The only purpose of proving the execution of the previous will and its contents was to show such performance of the oral agreement as would take the case out of the statute of frauds.  We have no doubt, therefore, that the carbon copy was properly admitted in evidence, because the proof was ample to the effect that it was an exact copy of the original which had been properly executed.

It is next contended that there was no proof in support of the allegation of the complaint that the appellant was not the *bona fide* owner and that he took the property in question with knowledge of the rights of the respondent.  It was not necessary, in order for the respondent to recover, that the appellant should have been guilty of any fraud or should have had actual knowledge of respondent's rights.  If appellant paid a valuable consideration for the deeds in question, then manifestly the oral agreement affecting the respondent's rights could not be enforced, but if the transfer of the property to the appellant was a mere gift for which he paid no consideration, then respondent's rights can be enforced even though appellant had no prior knowledge of them.  There was ample testimony to show that the transfer of the property was a gift—pure and simple—and that no consideration had been paid.

It is next contended that the testimony is insufficient to support the decree.  This is an equitable ac-

tion and we will always pay due regard to the findings of the trial court. Not only was the oral contract clearly proved by the testimony of Mr. Rinehart, and not directly disputed by any other witness, but that testimony is strongly supported by the fact that the deeds above mentioned were actually executed and delivered and that Mr. Boyce actually made a will, all in compliance with the oral arrangement. We cannot say, under these circumstances, that the trial court was wrong as to the conclusions of fact drawn by him from the testimony. This court has many times held that an oral contract such as is here involved, while within the statute of frauds, is taken therefrom by a performance of the agreement. Here there was a complete performance by the actual transfer of the lands in question and by the making of the first will by Mr. Boyce. It is plain, therefore, that there was a sufficient performance of the oral contract to take it out of the statute of frauds. We realize that contracts of this character should be proved clearly and unequivocally and to the great satisfaction of the court, but we think that the testimony brings this case easily within those rules. The circumstances surrounding the whole transaction support, at least to a considerable extent, the theory that such an oral contract was made, because the respondent transferred to Mr. Boyce his one-half interest in the property involved here, particularly the real estate, which it appears constitutes a major portion of the estate. It would seem but natural that Mr. Boyce would agree, in consideration of such transfer, to some recompense, and that that recompense would be the giving of the property to the plaintiff upon his death.

The judgment is affirmed.

PARKER, HOLCOMB, and MITCHELL, JJ., concur.