In the Matter of the Estate of FRANK KISLYK, Deceased.

Surrogate's Court, Oneida County, September 23, 1937.

*Arthur & Arthur,* for Mary Slawinski, claimant.

*Harrison J. McDermott,* for A. H. Mayer, as administrator, etc.

MORRIS, S.  Mary Slawinski has brought a discovery proceeding in this court to determine the ownership of a certificate of stock representing four shares of the preferred stock of the General Cable Corporation.  That stock was in the possession of this claimant at the time of the death of the decedent on February 12, 1936, and it is contended in her behalf that the certificate was properly assigned to Mrs. Slawinski in writing on September 19, 1935, and delivered into her possession on that day.  The stock certificate, unfortunately for the claimant, was not delivered to the corporation for transfer on its books until subsequent to the death of Mr. Kislyk.

The only witness to the execution of the assignment of the certificate and its delivery to Mrs. Mary Slawinski was William Arthur, who acted as her attorney in the transaction.  Mr. Arthur, in the opinion of the court, clearly established the execution and delivery of this stock by his testimony.  However, objection was raised by the attorney for the administrator as to the competency of this attorney's testimony and a decision on that point is important to all the parties concerned.  The attorney for the administrator contends that Mr. Arthur, being interested as attorney in the present discovery proceeding, has such a financial interest in a recovery for his client that he is thereby barred under section 347 of the Civil Practice Act from testifying in behalf of his client as to transactions between her and the decedent and has moved that Arthur's testimony should, therefore, be stricken from the record.  Mr. Arthur was questioned at length concerning the compensation to be received as a result of this discovery proceeding.  He denied any definite agreement with Mrs. Slawinski, but did suggest that he expected to receive more money and would be entitled to more if he were successful than if he were unsuccessful in obtaining for his client the possession of the stock.  Attorney Arthur finally stated that, if successful, he probably would charge his client a fee from one-fourth to one-third of the value of the stock, and that, if unsuccessful, he might charge her anywhere from twenty-five to fifty dollars.  The question to be determined is whether this situation makes him " a person interested in the event " within the meaning of the statute.  The case of *Sherman* v. *Scott* (27 Hun, 331) was decided under the old section 829 of the Code of Civil Procedure, which was substantially the same as the present section 347 of the Civil Practice Act.  In that case it was said that an attorney's lien for costs to which he would be entitled regardless of the result of the action, did not disqualify him as a witness.  It has been frequently held that the test of " interest "

is whether the witness will either gain or lose by the direct legal operation of the judgment. (*Connelly* v. *O'Connor*, 117 N. Y. 91.)

The exact question involved in the present matter apparently was not directly at issue in the *Sherman* v. *Scott* case, for here we have an attorney with no contingency agreement in the accepted use of that term among lawyers, but with an understanding in consonance with local custom in such matters that the lawyer would not charge as much if he lost as if he won. A somewhat similar statute in the State of Washington was interpreted in the case of *Swingley* v. *Daniels* (123 Wash. 409; 212 P. 729) to allow the attorney to testify. It is stated in that opinion that: " Nearly all of the authorities hold that, where there are no arrangements made for attorney's fees and only a reasonable fee is to be or can legally be, charged, there is no such interest as precludes him from testifying concerning transactions with a deceased person and the fact that the attorney may expect to charge more in the event he wins than he would if he lose does not alter the rule. (*Hayden* v. *Easter*, 15 Ky. Law, 597; 24 S. W. 626; *Jackson* v. *Bennett*, 98 Ga. 106; 26 S. E. 53; *Birge* v. *Rhinehart*, 36 Iowa, 369; *Propst* v. *Fisher*, 104 N. C. 214; 10 S. E. 295.) "

It seems to me that under the testimony in this case William Arthur was not a person interested in the event within the meaning of the statute, and I hold that his testimony should be allowed to stand.

The assignee, Mary Slawinski, is entitled to the certificate of stock since she has presented proof acceptable to this court showing its proper assignment and delivery before the death of the testator.

Decreed accordingly.