No. 14,306.

ESTATE OF LEIBOLD.
LEE, BY O'NEILL, GUARDIAN *v.* LEIBOLD, EXECUTRIX.
(79 P. [2d] 1049)

Decided May 23, 1938.

Mr. George A. Trout, Mr. Bart W. O'Hara, for plaintiff in error.

Mr. G. A. Luxford, Mr. James F. Jacobs, for defendant in error.

*En Banc.*

Mr. Justice Knous delivered the opinion of the court.

The basic question for consideration is whether an attorney at law offered as a witness for one having a claim against the estate of a deceased person, under the circumstances here disclosed, is precluded from testifying because of interest by the provisions of section 2, chapter 177, '35 C. S. A., providing, inter alia, that no party to any civil action, suit or proceeding, or *person directly interested in the event thereof* shall be allowed to testify therein when any adverse party sues or defends as an executor. Frederick J. Leibold died testate in the City and County of Denver on November 29, 1935. Thereafter Robert Allen Lee, an infant of the age of seven years, filed the claim in question against the Leibold estate in the county court of the City and County of Denver. The claimant asserted that he was the natural son of the decedent, born out of lawful wedlock and claimed $986 said to be the balance due under an agreement between Leibold and the mother of the infant, made May 1, 1933, providing for his support, and under which contract it is alleged $682 had been paid by Leibold during his lifetime. An additional $2,000 was claimed by reason of the breach of an alleged provision of the same agreement whereby decedent agreed to take out and keep in force insurance in that amount on his life for the benefit of claimant. As filed the claim was verified by the mother of the infant in that capacity, but before hearing, with permission of the county court, the verification was amended by insertion of the words "and next friend" following the word "mother." The claim was disallowed by the county court, after which appeal to the district court was perfected. An attorney at law who represented the claimant in the

county court, but who did not so appear in the district court was there offered as a witness on behalf of the claimant to establish the existence of the contract relied upon as the basis of the claim. Upon examination by counsel for the executrix concerning his interest, as relating to his competency, the attorney testified that he was originally employed by the mother in 1933; that after the death of Leibold she again advised with him concerning the filing of the claim here involved. The attorney then made an agreement with the mother that he should receive as compensation for his services in connection with the claim a sum equal to a certain percentage of the amount that she would receive; that the agreement was not with the minor, but with his mother, and that she was to pay this sum for the attorney's services in the matter. It further appeared from the attorney's testimony that the contract was embraced in written communications between the parties, but these were not produced because of certain other confidential matters therein contained. It would also appear from the district court bill of exceptions that in the county court, in response to the question: "What interest, if any, have you in this cause," the attorney answered: "I have a contingent interest in the outcome of the matter." On the basis of this showing the district court sustained an objection, based on the incompetency of the witness grounded upon the statute above mentioned. Immediately after this objection was sustained a continuance of the hearing was granted at request of claimant to enable his counsel to ascertain if further testimony relative to the alleged contract could be produced. In the interim, and before the hearing was resumed, upon petition of the mother, the county court of the City and County of Denver appointed Felix L. O'Neill guardian of the estate of the infant claimant. After qualifying, the guardian petitioned the district court to be substituted for and in the place and stead of the mother in this proceeding. This application was granted with the condition, however, that neither the former attorney nor

the mother be permitted to testify in the trial of the cause. Following this order claimant offered no further testimony and the claim was disallowed. As corollary to the principal contention we have mentioned, error is assigned to the condition imposed in the order for substitution of parties.

█ It is well settled that the prohibition imposed by our statute does not apply to the attorney of a party, because of the ordinary and usual fees he would derive from the proceeding; as an attorney he has no such interest therein as will preclude him from testifying concerning transactions with a person since deceased. *In re Shapter's Estate,* 35 Colo. 578, 85 Pac. 688; *Eder v. Methodist Ass'n,* 94 Colo. 173, 29 P. (2d) 631. This principle is in accord with the overwhelming weight of authority in states having statutes similar to ours and is also the accepted common-law rule. *Hayden v. Easter* (Ky.), 24 S. W. 626; *Jackson v. Bennett,* 98 Ga. 106, 26 S. E. 53, 55; *Birge v. Rhinehart,* 36 Iowa 369; *Propst v. Fisher,* 104 N. C. 214, 10 S. E. 295.

█ While there is no authority in Colorado on the subject, it seems equally well settled generally that where an attorney in a case of this character has an arrangement with his client under which he is to receive an interest in whatever may be recovered by the action or is to be compensated for his services upon an agreed contingent fee to be paid from the anticipated proceeds, he is a party in interest within the terms of the statute and will not be permitted to testify concerning the transactions or conversations had with a person since deceased. *Swingley v. Daniels,* 123 Wash. 409, 212 Pac. 729; *Smick's Admr. v. Beswick's Admr.,* 113 Ky. 439, 68 S. W. 439; *Dailey v. Monday,* 32 Tex. 141; *Tretheway v. Carey,* 60 Minn. 457, 62 N. W. 815; *Augusta Naval Stores v. Forlaw,* 133 Ga. 138, 65 S. E. 370.

██ In *Eder v. Methodist Ass'n, supra,* quoting from Greenleaf on Evidence (15th ed.), p. 530, §390, we said: "The true test of the interest of a witness is, that

he will either gain or lose by the direct legal operation and effect of the judgment.'' The character of the interest created by the attorney's contract is, therefore, conclusive on the question of his competency as a witness. Unquestionably, and as a matter of right and necessity an infant is entitled to the assistance of an attorney in prosecuting a claim of this character, and the attorney to reasonable compensation for his services. Likewise, there can be no doubt concerning the right and propriety of the infant's natural or legal guardian or next friend to select counsel in this behalf; but there are definite legal restrictions in such transactions on the authority to conclude the infant as to attorney's fees. In 14 R. C. L., p. 290, §57, the general rule is stated: ''It is evidently a necessary incident to the duty of conducting a suit or maintaining a defense for an infant that the next friend or guardian ad litem should have the power of selecting and employing counsel. But he has no power to bind the infant or his estate by a contract as to. the compensation to be paid.'' Under this doctrine at no time was the contract of the attorney binding upon or enforcible against either the infant claimant or his estate, and since a guardian has now been appointed by the county court, it is doubly certain that the allowance of a fee to the attorney nominated by the mother, if granted at all, can be made only by that court. The contract gave the attorney no present direct, certain or vested interest in any proceeds of the judgment which might be secured by this proceeding, and at the most would bear upon his credibility and not his competency as a witness. Under the most favorable circumstances he could not legally secure more than a reasonable fee for his services, nor otherwise than through the direct legal operation and effect of any judgment on the claim.

In all civilized countries the law exercises a constant vigilance over the rights of infants, and the judiciary should not permit an assumed authority on the part of mother or lawyer, or the misadvertence of either, to deprive a child of testimony, otherwise available to him,

in the prosecution of litigation in his behalf. *Lowrey v. Harlow,* 22 Colo. App. 73, 123 Pac. 955.

We therefore hold that under the circumstances here the lawyer witness was not directly interested in the event of the proceeding within the contemplation of the statute so as to disqualify him from testifying on behalf of the infant claimant. In view of our conclusion upon this point it follows that the district court, in permitting substitution of the guardian as a party, should not have imposed the condition that the attorney in question would not be permitted to testify in support of the claim.

The order on the substitution of parties also was erroneous in providing that the mother of the infant claimant should not testify. So far as the record discloses she at no time offered herself as a witness and the question of her competency must of necessity be determined in the event of such contingency. Because of this state of the record, even though a considerable portion of the briefs is given to the discussion of this question, we express no opinion with reference to her competency as a witness in this proceeding.

The judgment is reversed and the cause remanded for further proceedings not inconsistent herewith.

MR. JUSTICE HILLIARD and MR. JUSTICE BOUCK not participating. MR. JUSTICE HOLLAND dissents.