### ANNIE DARWIN *vs.* PATRICK KEIGHER.

#### December 15, 1890.

Evidence—Conversation with Deceased Person.—The statute declaring parties to actions, and persons interested in the event thereof, to be incompetent to testify to conversations with, or admissions of, deceased parties or persons, relative to a matter in issue, does not apply to an *agent* of a party to the action, such agent not being a party to the action, nor having any legal interest in the event of it.

Appeal by defendant from an order of the district court for Ramsey county, *Brill,* J., presiding, refusing a new trial after a verdict of $267.28 for plaintiff.

*M. D. Munn,* for appellant.

*George L. Bunn,* for respondent.

DICKINSON, J. The two defendants were formerly copartners. Kavanaugh died after the commencement of this action, and before trial. A matter in issue in the action was whether the plaintiff had entered into a contract with the defendants, whereby they agreed to pay a specified sum for the use of certain horses. The plaintiff introduced one Brackett as a witness in her own behalf, and from his testimony it appeared that the contract upon which the action is founded was made orally between him, as the authorized agent of the plaintiff, and the defendant Kavanaugh, acting for the partnership. His testimony was received under the objection, on the part of the defendant Keigher, that, by reason of the death of Kav-

anaugh, Brackett was not a competent witness for the plaintiff to prove the making of the contract. The sole question on this appeal is as to the competency of Brackett as a witness, under the circumstances stated.

The ruling of the court was right. Our statute extends the rule of the common law as to the competency of witnesses, and, in general, neither the parties to an action nor those who may be interested in the event of it are excluded from being witnesses. This general rule is, however, qualified by the provision that "it shall not be competent for any party to an action, or interested in the event thereof, to give evidence therein of or concerning any conversation with, or admission of, a deceased or insane party or person, relative to any matter at issue between the parties." Gen. St. 1878, *c.* 73, § 8. The plaintiff's agent was competent to testify as to the contract unless he was either a party to this action or was interested in the event of it, and hence within the above-recited statute. He was not a party, but a stranger, to the action; nor was he, so far as appears, "interested in the event thereof." The meaning of this language, used in respect to the competency of persons to testify, was well understood when the rules of the common law were changed by statute, and it bears the same meaning in the statute as when used under the common law with reference to the same subject. Referring to this statute, it was said in *Marvin* v. *Dutcher*, 26 Minn. 391, (4 N. W. Rep. 685,) that, to exclude one as a witness on the ground of interest in the event of the litigation, "it must appear that he has something to gain or lose by the direct legal operation and effect of the judgment to be rendered therein, or that the record thereof can be used for or against him, as evidence upon the fact of partnership [to which the testimony was directed] in some other action or proceeding in which it may be brought in question." This is in accordance with the common-law rule as to the disqualification of interested witnesses. 1 Starkie, Ev. 103, 107; 1 Greenl. Ev. §§ 386, 389, 391. While we have set aside the common-law rule that persons interested in the event of an action are generally disqualified from testifying therein, we have *preserved* that rule of disqualification to the extent of declaring that persons interested in the event of the action shall not be permitted to

testify as to conversations with or admissions of deceased parties or persons, relative to the matter in issue. As to the ground of disqualification, as to the nature of the interest which renders a person incompetent, the statute has not been changed, but has been framed in accordance with the common law. But at common law the *agents* of the parties to actions were not, by reason of their agency, deemed to be interested in the event, nor rendered incompetent to testify concerning their doings in behalf of their principals. 1 Greenl. Ev. § 416; Rapalje, Wit. § 73, and numerous cases cited. Nor does the fact of the agency bring the case within the terms of our statute. If that relation may have produced any prejudice, partiality, or bias in the mind of the witness, that did not render him incompetent to testify, but was to be considered only as affecting his credibility. 1 Starkie, Ev. 103. Brackett does not appear to have had any legal interest in the event of this action, nor could the judgment therein bind him, or be evidence against him. *Marvin* v. *Dutcher, supra.* His testimony was, therefore, properly received.

Order affirmed.