HENRY RUDOLPHI and Another v. JOSEPH A. WRIGHT
and Another.[1]

December 12, 1913.

Nos. 18,311—(133).

**Fraudulent representations — evidence.**
    1. The evidence is examined and *held* to justify a finding of the trial

[1] Reported in 144 N. W. 430.

court that the plaintiff was induced by the fraudulent representations of the defendant to execute a deed upon an exchange of lands.

**Same.**

2. The fact that the plaintiff saw the lands before he traded is not conclusive against him on the issue of fraud.

**New trial.**

3. Certain irrelevant evidence offered by the plaintiff *held* not to be prejudicial so as to require a new trial.

Action in the district court for Brown county to cancel a deed and to adjudge plaintiffs to be the owners in fee simple of the land described therein. The answer set up that the transaction between the parties was completed by the execution and delivery of the deeds by each to the other; that plaintiffs acquiesced in the transaction for more than six months before beginning the action and that they are concluded from prosecuting it by their laches. The answer also alleged that at the time of the exchange plaintiffs had full knowledge of the land conveyed to them. The case was tried before Olsen, J., who made findings and ordered judgment in favor of plaintiffs and against defendant Wright. The separate motions of defendants for judgment notwithstanding the findings or for a new trial were denied. From the judgment entered pursuant to the order for judgment, defendants appealed. Affirmed.

*Reed & Swift* and *Charles B. Elliott,* for appellant.

*Somsen, Dempsey & Mueller,* for respondents.

DIBELL, C.

This action is brought to cancel a deed conveying certain property in the city of New Ulm, made by the plaintiffs to the defendant Joseph A. Wright, upon the ground of fraud. The deed was given upon an exchange of New Ulm city property for Wisconsin lands. The court found for the plaintiffs and the defendants appeal from the judgment. Henry Rudolphi and Joseph A. Wright are the two active parties, the other two being their respective wives.

1. The evidence sufficiently supports the finding of the trial court that the deed made by the plaintiffs was procured by fraud. The New Ulm property was the homestead of the plaintiffs, was worth $6,000, and was income bearing. It was traded for 621 acres of unimproved, cut-over, sandy and swampy lands in Wisconsin. The

court found that the Wisconsin lands were not worth more than three dollars per acre. Some of the witnesses put the value much higher, as high as $10 or $12 per acre. The court was justified in finding that they were substantially worthless except for trading purposes. The defendant had traded gold stock for them. The court was justified in finding that the defendant fraudulently misrepresented the value, character and quality of the lands, and that he fraudulently pointed out the boundaries of the lands and that the plaintiff relied upon the misrepresentations made.

2. The plaintiff went to the lands and made some examination of them. With him was the defendant, and Henry A. Rudolphi, the plaintiff's nephew, who was instrumental in bringing the plaintiff and the defendant together and who was to have a commission from the defendant. Young Rudolphi rather discouraged a thorough examination. The fact that a purchaser of land makes an examination of it before purchase does not necessarily preclude him from claiming fraud and a reliance upon it. His making of an examination is a circumstance to be weighed carefully by the trial court in determining whether fraud was practiced, and, if so, whether the purchaser relied upon fraudulent representations; but it does not, of itself, prevent a finding of fraud. Brown v. Andrews, 116 Minn. 150, 133 N. W. 568; Schmeisser v. Albinson, 119 Minn. 428, 138 N. W. 775.

3. The plaintiffs at one time in the trial digressed from the real issues in the case and engaged in a useless investigation of some transactions which the plaintiff and young Rudolphi had relative to the exchange of the New Ulm property for lands in the Canby country, and for what special purpose is not plain. In the course of the investigation the testimony of what the plaintiff and young Rudolphi said and did was received. After a serious consideration we reach the conclusion that their digression did not result in reversible error.

The record contains more than 900 pages of printed matter. We have all given it a patient and thorough examination, as well as the briefs of counsel, and we find nothing justifying us in disturbing the conclusions of the trial court. A review of the evidence would extend the opinion beyond endurable length without profit.

Order affirmed.