## MAURICE MANDEL v. CHARLES N. BROOKS.[1]

### January 15, 1926.

### No. 24,906.

**Rescission of contract.**

The evidence sustains the findings.

Cancelation of Instruments, 9 C. J. p. 1256 n. 12.

Action in the district court for Hennepin county to cancel contract for the purchase of real property. The case was tried before Montgomery, J., who ordered judgment in favor of plaintiff. Defendant appealed from an order denying his motion for a new trial. Affirmed.

*S. R. Child, Sherman Child & Lewis Child,* for appellant.

*D. E. LaBelle,* for respondent.

PER CURIAM.

Action for rescission of a contract to buy real estate, on the ground of misrepresentation.

Plaintiff claimed that while snow was on the ground he bought two lots of defendant for the purpose of erecting a large apartment building thereon; that he informed defendant of the use intended and, having been informed that the lots had been filled in, inquired as to that fact; that defendant assured him that he had owned the lots for 20 years, and knew that the fill thereon did not exceed 7 feet. Relying on this representation plaintiff entered the contract to buy the lots for $4,300, and made a part payment of $250. That thereafter he learned that the lots were filled to a depth of over 25 feet with ashes and other rubbish, and because thereof no secure foundation for the building he intended to erect could be had without expending more than $4,000 in piling and reinforced concrete work; and that before he ascertained such fact he had expended for examination

[1]Reported in 206 N. W. 727.

of the abstract, survey of the lots, and architects' fees $150.50. The court made findings in favor of plaintiff, directed a cancelation of the contract, and a money judgment for $400.50. The appeal is from a motion in the alternative for amending findings or a new trial.

The court might well have found defendant's testimony true, and accordingly that there were no representations made in respect to the lots, and no inquiry in regard to their having been filled until some time after the contract was executed. But the court saw fit to accept plaintiff's testimony as true, and there is nothing in the record which could justify an appellate court to disturb the findings made. The court below may have overlooked a discrepancy of $5 in the proof in respect to the cost of having the abstract examined, but this appears not to have been called to the attention either of the trial court or this court, and should not reverse. It may be corrected before entry of judgment.

We do not think there is any difference in the quantum of proof required in an action to recover damages for misrepresentations as to the subject matter of a contract and in a suit to rescind the same contract for the same misrepresentations inducing its making. In both a fair preponderance of the evidence justifies relief. Schmeisser v. Albinson, 119 Minn. 428, 138 N. W. 775; Rudolph v. Wright, 124 Minn. 24, 144 N. W. 430; Woodward v. W. C. C. Co. 134 Minn. 8, 158 N. W. 706, L. R. A. 1917C, 270; Dowden v. Kanuch, 158 Minn. 75, 196 N. W. 819. I. L. Corse & Co. v. Minnesota Grain Co. 94 Minn. 331, 102 N. W. 728, does not recognize any difference in the required proof in the three remedies open to a defrauded party.

Order affirmed.