## JOSEPH W. VARTY v. L. E. CHRIST AND OTHERS.[1]

June 22, 1928.

No. 26,767.

**Offer to prove conversations between plaintiff and decedent properly excluded.**

1. Offers to prove, by the testimony of plaintiff, conversations had by him with a deceased person to show an oral agreement upon which the action was based, *held* properly excluded.

**Decision against plaintiff justified by finding there was no contract.**

2. The findings of fact are sustained by the evidence and justify the conclusions of law.

Specific Performance, 36 Cyc. p. 784 n. 15 New.
Witnesses, 40 Cyc. p. 2272 n. 10.

Plaintiff appealed from an order of the district court for Hennepin county, Nordbye, J. denying his motion for a new trial. Affirmed.

*Hursh & Johnson,* for appellant.

*A. V. Rieke, Bonita F. Rieke* and *Maurice H. Rieke,* for respondents except Helma Victoria Varty.

OLSEN, C.

Appeal by plaintiff from an order denying his motion for a new trial.

Plaintiff brought this action for specific performance of an alleged oral agreement made by one Isaac Varty, since deceased, whereby he is claimed to have agreed to give to this plaintiff all property

[1]Reported in 220 N. W. 154.

of every kind owned by him at the time of his death, in consideration of agreement by plaintiff to take Isaac Varty into his home as a member of the household and furnish him comfort, companionship, care, attention and board. The trial court found against the plaintiff and ordered judgment for the defendants.

1. Plaintiff assigns as error the exclusion of an offer of evidence by plaintiff, as a witness, to prove conversations and "understandings" between himself and the deceased, it being claimed that defendants' counsel, by cross-examination, had opened up the bar against plaintiff's testifying as to such conversation. Defendants' counsel had asked the plaintiff, on cross-examination, why he did not pay rent to the deceased for a dwelling house, occupied at a certain time by plaintiff and owned by the deceased. The plaintiff had then answered that it was because deceased had agreed to furnish the house and plaintiff had agreed to furnish his living and take care of the deceased. No motion was made to strike out the answer. The question did not directly ask for any conversation with the deceased and evidently was not so intended. Plaintiff's answer did not purport to state any conversation, but stated conclusions. Plaintiff had the benefit of the answer, but we cannot hold that this question was sufficient to open the door to permit him to testify generally as to conversations with the deceased. His answer required no further explanation.

2. The other assignments of error are directed to the findings of fact and conclusions of law, the claim being that they are not justified by the evidence, and that the court therefore erred in denying the motion for a new trial. A lengthy statement of facts or discussion of evidence is not deemed necessary. This much may be stated: Isaac Varty retired from farming in 1916. Shortly before that he purchased a residence in Maple Plain. Plaintiff and his family moved into and occupied the house, paying rent therefor. Isaac Varty then came to live with them in this house, and thereafter no rent was paid; he owned and kept an automobile for the use of himself and the family; he did chores around the house; he purchased and gave a Victrola to the family, or to plaintiff's wife. He was injured in an accident and received $400 damages, and paid

$200 thereof to plaintiff for his assistance in the matter. In 1923 they all moved to White Bear. A house was rented and Isaac Varty paid the rent, and relations continued as before. He retained the house at Maple Plain and rented it out. In September, 1923, they moved to Long Lake, where they lived in a rented house, Isaac Varty paying the rent and conditions continuing as before. In 1925 Isaac Varty purchased a lot and built a house at Long Lake, and they then moved into it and lived there. Plaintiff did some work on coal bin, basement, driveway and lawn at the new house, and furnished some electric fixtures and window shades. Isaac Varty was ill a few times for short periods and received care and attention from plaintiff and the family. After his accident he had a slight limp, and there is evidence that he received some small assistance in dressing. He died in July, 1926, and left him surviving a brother and a sister. He had never married. The plaintiff is a nephew, a son of the brother.

The evidence as to the making of the oral agreement consists principally of statements alleged to have been made by Isaac Varty as to his intention to give his property, or some of it, to plaintiff, or that plaintiff was to have it. There is evidence which might sustain, but not require, a finding that he had agreed to give to plaintiff the lot and dwelling house in Maple Plain. He did give this house and lot to plaintiff and his wife by his will. The court found that the alleged oral contract had not been established by the evidence and had not been proved. Our examination of the evidence leads to the conclusion that this finding is sustained. The court further found that the value of the services rendered by plaintiff to the deceased was capable of being estimated and ascertained with reasonable accuracy, and therefore plaintiff was not entitled to the equitable relief of specific performance. The evidence reasonably sustains this finding. Even if it were eliminated, the finding that the alleged oral agreement had not been proved would justify and require the decision made. Under the rule governing this court in reviewing the sufficiency of the evidence, these findings cannot be disturbed; and, being decisive of the case, other findings need not be here considered.

Order affirmed.