## ANNA DALE v. FIRST NATIONAL BANK OF RUSHMORE.[1]

November 22, 1929.

No. 27,406.

[1]Reported in 227 N. W. 501.

*E. J. Jones* and *E. H. Nicholas,* for appellant.
*Canfield & Michael,* for respondent.

OLSEN, C.

Action to enjoin the foreclosure of a mortgage and to have the mortgage and note secured thereby canceled on the ground of fraudulent representations claimed to have been made by the cashier of defendant bank in obtaining the mortgage and note. Prior to the bringing of the action defendant had commenced proceedings to foreclose the mortgage by advertisement and sale. Anna Dale brings the action as sole plaintiff. The mortgage and note were given by Anna Dale and Jacob Dale, her husband. The mortgaged real estate is owned by Anna Dale alone and is not a homestead of either husband or wife. The indebtedness secured is the husband's debt only. Jacob Dale was called as a witness for the plaintiff and, over objections and exceptions by defendant, testified to conversations by plaintiff and himself with the cashier of the bank, who had died before the action was tried and had not given any testimony as to the matter which had been preserved or could be used by the defendant. The court, basing its decision on the testimony of Jacob Dale, found that the mortgage and note had been obtained by fraud, and directed judgment in plaintiff's favor that the mortgage and note in question are null and void as to this plaintiff; that defendant be enjoined from enforcing the mortgage by sale of the real estate or otherwise; and that the record of the mortgage be canceled and discharged. Defendant made a motion

for amended findings of fact and conclusions of law, and, if that be denied, then for a new trial of the action. From an order denying a new trial defendant appeals.

The assignments of error raise the question whether the husband, Jacob Dale, was competent to testify to oral conversations had with one W. C. Thom, defendant's cashier at the time the mortgage and note were given, who had died before the trial, relative to the issue of fraud in the case, under G. S. 1923 (2 Mason, 1927) § 9817.

The inchoate interest of the husband in the real estate of the wife, other than a homestead, did not make the husband incompetent, as a person interested in the event of the action, to testify as to a conversation with a deceased person upon the issue as to the validity of this mortgage. Thill v. Freiermuth, 132 Minn. 242, 156 N. W. 260; Malley v. Quinn, 132 Minn. 254, 156 N. W. 263. But that rule did not make the husband competent so to testify if he was otherwise directly interested in the event of the suit. The husband and wife were jointly and severally liable on the mortgage and note, if valid. The fraud claimed and testified to by the husband, if sustained, would invalidate the note and mortgage equally as to him if he were a party to the suit. In determining what interest in the event of the suit will disqualify a person, not a party to the suit, from testifying to conversations with a person since deceased, this court has adopted the test that the disqualifying interest must be such that the witness will have something to gain or lose by the direct legal operation and effect of the judgment to be rendered therein, or that the record thereof can be used for or against him as evidence upon the facts in issue in some other action. Marvin v. Dutcher, 26 Minn. 391, 4 N. W. 685; State v. Eisele, 37 Minn. 256, 33 N. W. 785; Darwin v. Keigher, 45 Minn. 64, 47 N. W. 314; Perine v. Grand Lodge A. O. U. W. 48 Minn. 82, 50 N. W. 1022; Ikenberry v. New York L. Ins. Co. 127 Minn. 215, 149 N. W. 292. The rule in New York appears to be the same. Eisenlord v. Clum, 126 N. Y. 552, 27 N. E. 1024, 12 L. R. A. 836, and cases there cited. 28 R. C. L. 504, states the same rule. Swingley v. Daniels, 123 Wash. 409, 212 P. 729; Doty's Admr. v. Doty's Guardian, 118 Ky. 204, 80 S. W.

803, 2 L.R.A.(N.S.) 713, 4 Ann. Cas. 1064. Following that rule, plaintiff's husband was not shown to be incompetent to testify to the conversations.

■ The question of the sufficiency of the evidence to sustain the findings of fraud is presented.

"To justify the cancelation or rescission of a written instrument the evidence should be clear and convincing, but a fair preponderance of the evidence is sufficient. Fraud or mistake as a ground for cancelation or rescission is not required to be proved by any more or different evidence than the same facts are required to be proved in other cases." 1 Dunnell, Minn. Dig. (2 ed.) § 1202; Martin v. Hill, 41 Minn. 337, 43 N. W. 337; McCarty v. New York L. Ins. Co. 74 Minn. 530, 77 N. W. 426; Skajewski v. Zantarski, 103 Minn. 27, 114 N. W. 247; Rudolphi v. Wright, 124 Minn. 24, 144 N. W. 430; Lindblood v. Warren Min. Co. 156 Minn. 317, 194 N. W. 778; Hirschman v. Healy, 162 Minn. 328, 202 N. W. 734; Mandel v. Brooks, 165 Minn. 490, 206 N. W. 727.

While the evidence as to fraudulent representations in the present case is limited to the testimony of plaintiff's husband and meager corroborating circumstances, yet if believed that evidence is sufficiently clear and convincing. We do not attempt to recite the evidence. The case has been twice tried, and two district judges passing upon the same evidence have held it sufficient to sustain recovery. We find it sufficient to sustain the decision.

■ It is contended that plaintiff was permitted to give testimony on her direct examination which by necessary inference amounted to evidence of or concerning conversations with a person since deceased relative to the matters in issue. She did give testimony which was objectionable on that ground and could have been excluded under rules stated in Reeves v. Sawyer, 88 Minn. 218, 92 N. W. 962; Wetmore & Co. v. Thurman. 121 Minn. 352, 141 N. W. 481; Morrow v. Porter, 161 Minn. 396, 202 N. W. 53, and cases cited in those decisions. But the trial court, as stated in its memorandum, while it agreed that this evidence was subject to such an objection and could have been excluded, found that the evidence was

admitted without objection. The case was submitted to the trial court upon the printed record of the first trial, held before another judge. The same record is presented here as the settled case. A careful examination of the record leads us to the same conclusion as reached by the trial court.

At the time plaintiff's husband was on the stand objection was made to any conversation had "by this witness" with the cashier of the bank, who had died before the trial, on the ground that the witness was incompetent to testify to such conversation because of interest in the event of the action. Later, during the examination of the same witness, defendant's counsel stated: "Your Honor, it is understood that all, that our objection is given throughout the entire record, as to all conversations with the deceased by *this witness;* and that the ruling is reversed." Later counsel questioned whether his objection would cover testimony of this witness in reference to another conversation testified to by him as having been had out on the farm, and it was agreed that the objection covered it. Counsel for plaintiff then said: "I understood that this objection covers everything."

Plaintiff was not called as a witness until a later stage of the trial after other witnesses had testified. No objection was made to her competency nor to any of her evidence, except in one instance when she started to tell something said to her by the cashier. Defendant's counsel promptly moved to strike out her statement, and it was stricken. When it is considered that the objection here in question is not to the relevancy of the evidence but to the competency of the witness to testify thereto, and the record is barren of any statement or suggestion that the objection to the competency of another witness shall apply to the witness whose competency is now challenged, we fail to see how the objection can be so applied. The statement of defendant's counsel, that he understood the objection covered everything, cannot reasonably be construed to refer or apply the objection to witnesses who had not then been called. There were arguments by counsel to the court upon these objections, but the record does not disclose what they were.

In the motion for a new trial defendant moved that "all statements and testimony of the plaintiff in reference to conversation with the deceased, W. C. Thom, be held inadmissible under such statute, and that all such conversations be stricken from the record." The motion for a new trial, unless perhaps under exceptional circumstances and upon some sufficient showing, will not relieve from the necessity of objections to and rulings on the evidence at the trial.

■ It is claimed that the husband, Jacob Dale, was a necessary party to the action. Under our statute the note and mortgage were joint and several obligations of the makers. Defendant, if it so elected, could sue either maker alone. It would seem to follow that either maker could sue without joining the other as a necessary party.

Order affirmed.

