# E. E. CLOUD v. REALTY CORPORATION OF AMERICA.[1]

December 30, 1932.

No. 29,239.

*Briggs, Weyl & Briggs,* for appellant.
*Daggett & Redlund,* for respondent.

OLSEN, J.

Defendant appeals from an order denying its alternative motion for judgment or a new trial.

The action is one to rescind a contract for the purchase of real property on the ground that the contract was obtained by fraudulent representations. The contract is dated December 8, 1930, and is for the purchase of a lot in Midway Highland Park Addition to the city of St. Paul. This addition was a new development. There was in the addition at the time only a clubhouse, used by defendant's agents as a sales office, and two or three houses, the nearest being about half a mile from the lot in question. The fraud charged in the complaint is in substance that the defendant, by its agents, represented that 21 contracts had been actually let for the digging of foundations and construction of homes in the addition, all of which construction work would be undertaken and done in the

[1]Reported in 246 N. W. 24.

spring of 1931, and that because such improvements were to be made the lot in question was worth $1,275, the contract price, and would be worth a great deal more when such improvements were completed; that these representations were untrue and were fraudulently made for the purpose of inducing plaintiff to purchase the lot; that they were believed and relied upon by him; and that he was induced thereby to make the contract. The relief asked is that the contract be rescinded and that plaintiff recover the sum of $300 paid thereon. There was a jury trial, and the jury found for the plaintiff.

There is direct evidence clearly sufficient to justify the jury in finding that the representations alleged were made and that plaintiff believed and relied thereon and was damaged. The defendant contends that the evidence is insufficient to justify the jury in finding that the representations that 21 contracts for the construction of houses on the premises in the spring of 1931 had been let were not true. The evidence on that point is not direct. Defendant's secretary testified that he knew nothing of any buyer of any lots preparing to build any houses or apartments there. The defendant's president, testifying for the defendant, stated that two new houses had been built since 1930, without specifying the time or their definite location. The agent who negotiated the sale and made the representations testified that he had no knowledge of any such contracts for buildings as those represented to have been let. He denied that he had made the representations in the form claimed by plaintiff. Another agent, who took some part in the negotiations, testified that he had no knowledge of any building permits for erection of any buildings there and did not know whether or not the representations made were true. There was direct evidence that no building operations were commenced or undertaken on the premises in the spring of 1931 or up to the time the action was commenced in October of that year. If any buildings have been erected since that time, they consist of two or three, and the record is not clear as to whether they are located in this addition or on other property. The addition remains practically vacant. At the trial

defendant made no attempt to show that the representations, found to have been made, as to there having been 21 contracts let for buildings to be constructed in the spring of 1931, were true. Of course the burdĕn of proof on that issue rested on the plaintiff to prove that the representations were untrue. While it is held that the evidence to show fraud should be clear and convincing, a fair preponderance of the evidence is sufficient. Mandel v. Brooks, 165 Minn. 490, 206 N. W. 727; Dale v. First Nat. Bank, 178 Minn. 452, 227 N. W. 501. On the record as presented the evidence was sufficiently clear and convincing to justify the jury in finding that the representations made were untrue.

One sentence of the charge of the court is assigned as erroneous. The assignment has not been argued in the briefs or orally, and an inspection of the statement referred to discloses no error. The other assignments of error relate to the refusal of the court to direct a verdict for defendant and the submission of the issue of fraud to the jury. What has already been said covers these assignments.

Order affirmed.