IN RE ESTATE OF ALEXANDER J. ARNT.
WM. R. MITCHELL v. JULIAN E. MORTEN.[1]

July 11, 1952.

No. 35,631.

[1]Reported in 54 N. W. (2d) 333.

Victor J. Michaelson and Leo J. Lauerman, for appellant.
Julian E. Morten, for respondent.

CHRISTIANSON, JUSTICE.

The opinion filed February 29, 1952, is withdrawn, and the following opinion is filed in its place.

Appellant appeals from an order denying his alternative motion for amended findings and conclusions of law or for a new trial.

Appellant, Wm. R. Mitchell, filed six separate claims against the estate of Alexander J. Arnt, deceased, for moneys he allegedly lent decedent at different times during the years 1944, 1945, and 1946. Each of the claims was allowed by the Redwood county probate court. Respondent, the executor of decedent's estate, appealed to the district court from the order of the probate court allowing the claims. Following the trial in the district court, findings of fact, conclusions of law, and order for judgment were filed allowing two of appellant's claims but disallowing his remaining four claims. Since respondent has not cross-appealed, we are concerned only with those claims disallowed by the district court.

No useful purpose will be served by a detailed statement of the facts with respect to each of these claims. If the trial court erred in striking from the record certain testimony of Einar Arnt, a son of decedent, given in support of the rejected claims, there must be a reversal. The stricken testimony pertained to certain conversations decedent had with his son Einar and appellant relative to the particular transactions that gave rise to the four claims in question. This testimony was to the effect that appellant made each of said loans and advances at decedent's request and for his benefit and that decedent promised to repay appellant therefor, together with six percent interest. This testimony was first brought out on

appellant's direct examination of Einar Arnt over respondent's objection that such testimony was incompetent and inadmissible under M. S. A. 595.04, relating to conversations with a deceased person. Other pertinent portions of the stricken testimony were brought out on respondent's cross-examination of the witness. All such testimony was received in the first instance, with a reservation by the trial court of its ruling as to its competency and admissibility. At the conclusion of Einar Arnt's testimony, respondent moved as follows:

"Mr. Morten: At the conclusion of this witness' testimony I wish to renew my motion to the effect that all the testimony of this witness concerning conversation with the decedent and this witness be stricken for the reason that the record now shows that this witness has a personal pecuniary interest in the result of this lawsuit."

Thereafter, the trial court in its findings, conclusions, and order for judgment granted respondent's motion and ordered that *all* testimony of Einar Arnt relative to conversations with his deceased father be stricken from the record.

Since the record conclusively established that Einar Arnt had no interest in his father's estate either as an heir, legatee, creditor, or otherwise, and this fact is conceded by respondent, appellant maintains that the statutory disqualification was not applicable to him. Appellant alternatively contends that, even if § 595.04 were applicable, respondent, by failing to make timely objections and by his detailed and extensive cross-examination of Einar Arnt, waived the prohibition of the statute, and made *all* his testimony concerning conversations with his deceased father admissible; therefore, that it was error for the trial court to strike any part of his testimony on that account.

Respondent, on the other hand, maintains that the record discloses that Einar Arnt was the debtor or principal debtor with respect to each of the loans and advances for which appellant makes claim; therefore, that the statutory disqualification was applicable to him with respect to all of said claims, because the effect of his

stricken testimony was to make his own debts and personal obligations valid claims against his deceased father's estate. Although respondent concedes that appellant paid out the respective sums of money alleged, respondent contends that the moneys appellant advanced were used to pay off the debts and obligations of Einar Arnt and that none of the loans and advances represented by the four claims in question were made at decedent's request or for his benefit. Respondent contends further that he made timely objections; that his cross-examination of Einar Arnt was restricted to matters brought out on direct examination by appellant over his objection; that Einar Arnt's incompetency to testify to conversations with his deceased father was not waived; therefore, that such testimony was properly stricken by the trial court.

■ The fallacy inherent in respondent's argument with respect to three of the four disallowed claims is that it makes assumptions of fact which are not supported by the record. Contrary to respondent's contention, there is nothing in the record to indicate with respect to three of the claims that Einar Arnt was the debtor or principal debtor for the loans and advances appellant made or that the debts and obligations appellant paid were ever the debts or obligations of Einar Arnt. On the contrary, aside from the one claim hereinafter discussed, it conclusively appears that each of said loans and advances was made at decedent's request and for his benefit, and that it was only the personal debts and obligations of decedent which appellant paid.

To render a person incompetent as a witness under § 595.04, he must have some legal, certain, and immediate interest in the event of the action with respect to the issue to which his testimony relates.[2] The interest must be pecuniary, certain, direct, and immediate, and not an uncertain, contingent, remote, or merely possible

[2]Ehmke v. Hill, 236 Minn. 60, 51 N. W. (2d) 811; Bowers v. Schuler, 54 Minn. 99, 55 N. W. 817; Geraghty v. Kilroy, 103 Minn. 286, 114 N. W. 838; Keough v. St. Paul Milk Co. 205 Minn. 96, 285 N. W. 809.

interest.[3] Moreover, the burden is upon the party objecting to the witness to make his incompetency clearly appear. Perine v. Grand Lodge, 48 Minn. 82, 50 N. W. 1022.

Since no showing was made that Einar Arnt had any *interest* in the outcome of the litigation with respect to these particular three claims, his testimony in support thereof was not prohibited by the dead man's statute and should not have been stricken. Dale v. First Nat. Bank, 178 Minn. 452, 227 N. W. 501; Ikenberry v. New York L. Ins. Co. 127 Minn. 215, 149 N. W. 292; Darwin v. Keigher, 45 Minn. 64, 47 N. W. 314; Marvin v. Dutcher, 26 Minn. 391, 4 N. W. 685; Noesen v. M. St. P. & S. S. M. Ry. Co. 204 Minn. 233, 283 N. W. 246. Cf. Kells v. Webster, 71 Minn. 276, 73 N. W. 962, and Beard v. First Nat. Bank, 39 Minn. 546, 40 N. W. 842.

■ The statutory disqualification was applicable to Einar Arnt's testimony in support of appellant's claim for the principal sum of $763.94, because the cancelled check evidencing said loan was payable to Einar Arnt and bears his endorsement in blank. However, as previously pointed out, it is appellant's contention that respondent by failing to make timely objections and by his cross-examination of Einar Arnt regarding this transaction waived the benefit of the statute.

The applicable rules of law are that when objection to the admissibility of testimony relating to conversations with a deceased person by an interested witness has been properly made and erroneously overruled or such testimony is received under a reserved ruling by the trial court, the party making such objection does not waive his rights under § 595.04 by cross-examining the witness on the same matters or offering direct evidence thereon to meet that erroneously admitted. On the other hand, if either on cross-examination or direct examination such party goes beyond the scope of the inquiry to which his objection was properly made and as to which

[3]Ikenberry v. New York L. Ins. Co. 127 Minn. 215, 149 N. W. 292; Geraghty v. Kilroy, 103 Minn. 286, 114 N. W. 838; Bost v. Supreme Council, 87 Minn. 417, 92 N. W. 337; Marvin v. Dutcher, 26 Minn. 391, 4 N. W. 685.

it should have been sustained and introduces evidence of other matters in regard to the original transaction or conversations which are not admissible under the statute, he thereby waives the benefit of the statute and any erroneous rulings of the court. In other words, when a litigant thus voluntarily opens the door for the purpose of obtaining what he affirmatively desires, he thereby waives the right given by the statute to exclude such testimony and gives the interested party or witness the right to further testify in his own behalf and fully explain such transaction or conversation.[4]

Applying the foregoing rules to the direct and cross-examination of Einar Arnt, the record discloses that respondent adequately protected his rights under the statute throughout appellant's direct examination of this witness. Since the statutory prohibition was not applicable to any of the three claims previously discussed and no testimony relating to conversations with the decedent was elicited by respondent from Einar Arnt with respect to the two claims allowed by the trial court, any waiver of the protection of the statute must be found in respondent's cross-examination of this witness regarding the particular claim and transaction in question. Although, as appellant states, respondent's cross-examination with respect to this transaction was both detailed and extensive, a careful examination of the record discloses that it did not go beyond the scope of the inquiry on direct examination, to which respondent's objections were properly made. Since no showing is made that respondent waived the benefit of the statute with respect to Einar Arnt's testimony, it follows that all such incompetent testimony

---

[4]An exposition of the foregoing principles will be found in Annotations, 64 A. L. R. 1149 to 1184, 107 A. L. R. 483 to 497, 159 A. L. R. 411 to 428. See, also, 3 Jones, Evidence, Civil Cases (4 ed.) § 780, *et seq.*; 58 Am. Jur., Witnesses, §§ 355 to 361. Their application will also be found in several cases from this jurisdiction. See, In re Hess' Estate, 57 Minn. 282, 59 N. W. 193; Tretheway v. Carey, 60 Minn. 457, 62 N. W. 815; First Nat. Bank v. Strait, 75 Minn. 396, 78 N. W. 101; Moe v. Paulson, 128 Minn. 277, 150 N. W. 914; Stair v. McNulty, 133 Minn. 136, 157 N. W. 1073; Schwantz v. Kleiber, 141 Minn. 332, 170 N. W. 210; Varty v. Christ, 175 Minn. 27, 220 N. W. 154.

given by him in support of this claim was properly stricken by the trial court.

■ As a general rule, when an appeal is taken from an order denying an alternative motion for amended findings and conclusions of law or a new trial, only that part of the order relating to the denial of a new trial is reviewable. Wilcox v. Nelson, 227 Minn. 545, 35 N. W. (2d) 741; In re Estate of Wilson, 223 Minn. 409, 27 N. W. (2d) 429. However, the general rule is subject to the exception recently referred to by this court in Shell Oil Co. v. Kapler, 235 Minn. 292, 301, 50 N. W. (2d) 707, 714, wherein we stated:

"* * * As an appellate court, we do not make or amend findings or even direct that it be done where the facts are in dispute. Where, however, any issue is settled as a matter of law by the record, the case having been fully developed at the trial, this court will determine such question of law and thereby avoid the delay and expense of further litigation. Long ago we adopted the policy of determining the merits whenever it could be done with due regard to the limitations arising from the nature of our appellate jurisdiction," citing Penn Anthracite Min. Co. v. Clarkson Sec. Co. 205 Minn. 517, 287 N. W. 15; Dwinnell v. Minneapolis F. & M. Mut. Ins. Co. 97 Minn. 340, 106 N. W. 312; Gordon & Ferguson v. Doran, 100 Minn. 343, 111 N. W. 272, 8 L.R.A.(N.S.) 1049; First Nat. Bank v. Towle, 118 Minn. 514, 137 N. W. 291; Droege v. Brockmeyer, 214 Minn. 182, 7 N. W. (2d) 538; State ex rel. Spurck v. Civil Service Board, 226 Minn. 253, 32 N. W. (2d) 583; 1 Dunnell, Dig. & Supp. §§ 428, 429.

Appellant's cancelled checks payable to the Whiting Lumber Company for materials purchased by decedent for his farm and to the National Farm Loan Association in payment of mortgage payments due on the mortgages held by the association upon decedent's farm, together with the uncontradicted and unimpeached testimony in support thereof, conclusively established decedent's liability for three of the four claims in question. Each of these three claims was fully litigated at the trial in the district court. They previously had been litigated and allowed by the probate court. There is

nothing in the record to support respondent's contention that appellant made any of these payments as a mere volunteer or that the moneys thus advanced by him were loans to Einar Arnt and not to the decedent. In fact, the contrary conclusively appears with respect to each of these three claims.

The situation with respect to appellant's claim for the principal sum of $763.94, however, is somewhat different. As previously pointed out, much of Einar Arnt's testimony in support of this claim was incompetent under the dead man's statute and was therefore properly stricken. However, a careful examination of the record discloses that other evidence was presented in support of this claim, which, if believed, would support its allowance against decedent's estate. Unlike the other three claims, the material facts with reference to this particular claim and transaction are in sharp dispute. Since we have concluded that there should be a retrial of the issues presented by this claim, no useful purpose will be served by our detailing the evidence relative thereto. Without intimating any opinion as to the merits of this claim, we note that the trial court's findings with respect to the transaction in question are inconclusive and incomplete. Whether the trial court's disallowance of this particular claim was controlled or influenced by its errors of law with respect to the other three claims, we cannot say. However, to obviate any possible prejudice to appellant by reason thereof, it is our opinion that in the interests of justice there should be a new trial of the issues relating to this claim.

The order appealed from is, therefore, reversed and the case remanded with directions to the trial court to amend its findings and conclusions with respect to three of said claims so as to conform with the views herein expressed and that a new trial be had as to the fourth claim for the principal sum of $763.94.

Reversed and remanded with directions.